18-2474-cv (L)
In re: Aggrenox Antitrust Litigation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN
                *Circuit Judges,*
            DENISE COTE,
                *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
*In re*: Aggrenox Antitrust Litigation
--------------------------------------
Blue Cross and Blue Shield of Vermont, Inc., et al.,
                            *Interested Party-Appellants*,

                    v.                                          18-2474 (L)
                                                                18-2578 (Con)
A.F. of L. – A.G.C. Buildings Trade Welfare Plan,
on behalf of itself and all others similarly situated, et al.,
                            *Plaintiffs-Appellees*,

Pirelli Armstrong Retiree Medical Benefits Trust, on its
own behalf and on behalf of all others similarly situated, et al.,
                            *Plaintiffs*,

                    v.

* Judge Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

Barr Pharmaceuticals Inc., a Delaware Corporation, now known as Barr Pharmaceuticals, LLC, et al.,

*Defendants-Appellees*,

Teva Pharmaceutical Industries, Ltd., an Israeli Corporation,

*Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR INTERESTED PARTY-APPELLANTS:
Blue Cross and Blue Shield of Vermont, Inc., et al.

Peter D. St. Phillip
Uriel Rabinovitz
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601

Miguel A. Estrada
Lucas C. Townsend
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, DC 20036-5306

FOR PLAINTIFFS-APPELLEES:
A.F. OF L. – A.G.C. Buildings
Trade Welfare Plan et. al.

Renae D. Steiner
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403

Steve D. Shadowen
Hilliard & Shadowen LLP
1135 W. 6th St., Suite 125
Austin, TX 78703

Marvin Alan Miller
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603

FOR DEFENDANT-APPELLEES:
Boehringer Ingelheim International
Gmbh, Boehringer Ingelheim
Pharmaceuticals Inc., and Boehringer
Ingelheim Pharma GMBH & Co. KG

Ross E. Elfand
Jack E. Pace III
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020

2

Peter J. Carney
Matthew S. Leddicotte
Kathryn J. Mims
WHITE & CASE LLP
701 13th Street, NW
Washington, DC 20005

FOR DEFENDANT-APPELLEES:
Barr Pharmaceuticals, Inc., Duramed Pharmaceuticals, Inc., Duramed Pharmaceuticals Sales Corp., Teva Women's Health, Inc., and Teva Pharmaceuticals USA, Inc.

Brian T. Burgess
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 2000

-and-

Robert D. Carroll
Christopher Holding
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210

Appeal from the United States District Court for the District of Connecticut (Underhill, *J*.).

**UPON DUE CONDISERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

This appeal involves a challenge to a settlement of class action claims asserted against pharmaceutical manufacturers who are alleged to have unlawfully delayed the availability of less expensive generic versions of the prescription drug Aggrenox. The Claims-Administrator Appellants appeal from a decision by the district court approving settlement of the class action litigation. The district court did so over objections by certain Claims-Administrators to the opt-out procedures established by the court. We assume the parties' familiarity with the underlying facts, the record, and the issues presented on this appeal.

Rule 23 authorizes district courts to exclude from a class "any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v). We review a district court's opt-out procedures for

3

abuse of discretion. *See Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 438 (2d Cir. 2007). "[A] district court's decision regarding the form and content of notices sent to class members is reviewed only for an abuse of discretion." *Id.* (citing *In re Agent Orange Prod. Liab. Litig. V*, 818 F.2d 145, 168 (2d Cir. 1987)); *see Arbuthnot v. Pierson*, 607 Fed. App'x 73, 73-4 (2d Cir. 2015); *In re Bank of Am. Corp. Sec., Derivative, and ERISA Litig.*, 772 F.3d 125, 132-33 (2d Cir. 2014); *Cassese v. Williams*, 503 Fed. App'x 55, 57 (2d Cir. 2012).

On January 8, 2018, the class action plaintiffs moved for preliminary approval of their settlement with the pharmaceutical manufacturers. The amount to be paid in settlement was dependent upon the number of class members who opted out of the class action settlement. That motion included a proposed notice to the class of the settlement. The proposed notice provided that the class included "all health insurance companies . . . that make payments from their own funds . . . and entities with self-funded plans that contract with a health insurer." App'x at 320. The notice explained that any class member had the ability to opt-out by submitting a request for exclusion from the settlement. It also provided that the Claims-Administrators could opt out of the settlement on behalf of the class members who participate in the employment-based health plans (the "Plans")[1] they administer by submitting individualized proof of their authority to do so. The required proof was a declaration from an authorized representative of the Plan attesting to the administrator's authority to opt the entity out of the class action settlement.

On January 16, 2018, Humana Inc., a third-party administrator that was neither a class member nor an appellant here, filed a letter opposing any preliminary approval of the settlement,

---

[1] The Plans are sponsored self-funded and self-insured health benefit plans. Under such Plans, employers are responsible for paying for their employees' benefits, including prescription drugs. Employers contract with third-party administrators to provide the Plans' administrative services. The Claims-Administrators that appeal here are third-party administrators.

4

including the opt-out procedures the class action plaintiffs proposed for any Plans. Unlike Humana, however, the Claims-Administrators never objected to the class action plaintiffs' proposed notice.

On March 6, 2018, the district court preliminarily approved the settlement agreement which included the class notice and opt-out procedures proposed by the class action plaintiffs on January 8. The district court instructed that any objection or notice of intention to appear at a hearing to consider approval of the settlement be submitted no later than May 11, 2018. The Claims-Administrators did not object to either the settlement or the opt-out procedures by that deadline, nor did any of the Plans that the Claims-Administrators contend they represent on appeal. It is undisputed that the Claims-Administrators and each of those Plans received notice of the preliminary approval of the class action settlement and their deadline to object. Indeed, before the May 11 deadline, the Claims-Administrators opted out of the settlement on their own behalf. They also filed exclusion requests that purported to opt out the Plans they administered. It is undisputed that the exclusion requests they submitted purportedly on behalf of the Plans did not contain the individualized proof of authority that the district court required.

After the May 11, 2018 deadline, the Claims-Administrators, for the first time, objected to the opt-out procedures. The Claims-Administrators provided the district court eleven heavily-redacted purported "exemplar" contracts that govern a handful of the Plans they administer—each of which was heavily redacted and did not show the names of the countersigned parties—and argued that those contracts authorized them to opt out of the settlement on behalf of the 1,237 Plans they administered. They contended that the court should permit them to establish their own authority to opt Plans out based on the redacted "exemplar" contracts, claiming that

these contracts established that they have blanket authority to opt hundreds of Plans out of the settlement.

The district court did not allow the Claims-Administrators to establish their own authority to opt out the Plans in this manner. *See* Fed. R. Civ. P. 23(c)(2)(B)(v). The district court concluded that the redacted "exemplar" contracts were insufficient demonstrations of the Claims-Administrators authority. As noted by the district court, four Plans in fact had submitted claims in the settlement despite putative opt-outs that the Claims-Administrators submitted on their behalf. The district court then confirmed that the Plans in question, none of which have joined this appeal, remained in the class and entered final judgment certifying the class and approving the settlement. This appeal followed.

The Claims-Administrators, having opted out of the class action, do not have standing to appeal the judgment entered in the class action. Moreover, even if it were possible to overlook that impediment, the Claims-Administrators waived their right to challenge the opt-out procedures when they did not file timely objections in the district court to the opt-out procedures. The district court specifically noted in its Preliminary Approval Order that "[a]ll persons and entities who fail to file an Objection . . . shall be deemed to have waived any such objections by appeal, collateral attack, or otherwise." Preliminary Approval Order at ¶ 14. Thus, the Claims-Administrators waived any right to appeal on this issue. *See Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) (stating that untimeliness "implicates basic concerns about waiver that should be easily addressable by a court of appeals").

It should be noted as well that the Claims-Administrators have failed to demonstrate that the district court abused its discretion in applying the opt-out procedures it established. The requirements the court established provided certainty about class membership, thus preserving

6

the rights of absent class members and protecting the Defendants from duplicative liability. The opt-out procedures approved by the district court fell well within its broad discretion to supervise class actions. Those procedures permitted the Claims-Administrators to opt out on behalf of the Plans, but the Appellants failed to follow those procedures or object to them in a timely manner. Importantly, those procedures comported with Rule 23 and with due process. The opt-out requirements established by the district court were well-grounded in the precedent of this Court and cannot be distinguished from opt-out requirements applied in other multi-district litigation class actions. *See, e.g., Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.,* 504 F.3d 229, 243 (2d Cir. 2007); Order at 946, *In re Lidoderm Antitrust Litig.*, No. 14-cv-md-02521 (N.D. Cal. Dec. 28, 2017); Order at 845, *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-md-2343 (E.D. Tenn. Feb. 9, 2015); Motion at 168-8, *In re Remeron End-Payor Antitrust Litig.*, No. 02-cv-2007 (D.N.J. June 1, 2005).

We have considered the Appellants' remaining arguments and conclude that they are either waived or without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court